```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WISCONSIN
```

JACKIE DELMAS MASON,
    Plaintiff,

v.                                  Case Number: 2:19-cv-01103-PP

CLOVER ET AL
    Defendant.

## MOTION FOR EMERGENCY COURT ACTION

    HERE COMETH: Jackie D. Mason plaintiff pro se in the above-entitled case, moving this Court to immediately act in the above-entitled Case and issue an order too Waupun Correctional Institution to [immediately cease] the burning of paper, plastics, and card board on the prison grounds.

The plaintiff offers the following in support:
Between August 30, 2019, and September 1, 2019, toxic exhaust fumes flowed into the Northwest cellhall living area of the prison that were so strong that they caused the plaintiff severe head pains, to be sick to his stomach, to have chest pain, and eyes to burn and crust over.

The plaintiff has filed numerous inmate complaints and also filed the above-entitled legal action, but, Waupun Correctional Institution are explicitly refusing to stop the poisoning of the plaintiff, and all others residing in the prison.

Under Wisconsin law Stats. §§ 302.08, and 940.29, it is a class I felony for prisoners to be mistreated by prison officials. Further, the 8th Amendment of the U.S. Constitution prohibits cruel and unusual punishment of prisoners.

The plaintiff reasonably believes he has been harmed by inhaling the toxic fumes polluting the air in the prison and to continue so will bring about irreparable harm to him and lead to premature death.

The plaintiff further believes if an investigation is done it will substantiate there is a higher incident of respiratory ailment in Waupun Correctional Inst. prisoners than the population at large.

The plaintiff asserts there is no, nor can it be a penological reason to justify forcing prisoners to breath the toxic air that prisoners in this prison are forced to breath. Just the prison officials total disregard for the prison population, and their deliberate indifference to their health needs.

## CONCLUSION

The plaintiff realizes this case has not been screened, but, moves this Court to act [immediately] to stop the illegal actions of the Waupun Correctional Inst. staff. As the damage being done is not reversable. The plaintiff therefore prays this Court will promptly order WCI to stop burning toxic materials on prison grounds whereby those toxic emissions from the burning thereof flow into the prison living areas.

Dated September 1, 2019

Jackie D. Mason
Waupun Correctional Institution
PO Box 351
Waupun, WI 53963

2