UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACKIE DELMAS MASON,

      Plaintiff,

v.               Case No. 19-cv-1103-pp

J. BERRES, BRIAN FOSTER,
J. MUENCHOW, T. MOON,
M. GREENWOOD, DOUGAL G. PERCY,
and WISCONSIN DEPARTMENT OF
CORRECTIONS EMPLOYEES AND CONTRACTORS,

      Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A (DKT. NO. 10) AND DENYING MOTION FOR IMMEDIATE INJUNCTIVE RELIEF (DKT. NO. 11)**

---

  Jackie Delmas Mason, an inmate at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and found that it stated unrelated claims against multiple defendants. Dkt. No. 9. The court gave the plaintiff an opportunity to choose which claim he wanted to bring in this lawsuit and to file an amended complaint. He has done so. Dkt. No. 10. The plaintiff also has filed a motion for injunctive relief. Dkt. No. 11. This order screens the amended complaint and resolves the motion for injunctive relief.

**I. Screening the Amended Complaint (Dkt. No. 10)**

  A. <u>Federal Screening Standard</u>

  Under the PLRA, the court must screen complaints, including amended complaints, brought by prisoners seeking relief from a governmental entity or

1

officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d

824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has been incarcerated at Waupun Correctional Institution since May 2013. Dkt. No. 10 at 4. He alleges that during this time, he regularly has been forced to breath polluted air in the living area. Id. The plaintiff says that the source of the pollution is the Wisconsin Department of Correction's Central Generating Plant smokestacks/chimneys, located about two or three blocks southwest of the prison. Id. The plaintiff alleges that he has personally witnessed the exhaust emissions flow onto the prison grounds, where they settle and do not easily dissipate because of the high wall surrounding the prison. Id. at 4–5. The plaintiff alleges that the fumes cause him to experience severe headaches, chest pains, burning lungs, burning eyes and throat and difficulty breathing. Id. at 5. The plaintiff says that Merck manual of medical information indicates that chronic obstructive pulmonary disease and lung cancer can be caused by breathing polluted air. Id.

Defendant J. Berres is the Supervisor of Grounds and Buildings at Waupun and the plaintiff believes it is his responsibility to provide clean air to inmates in the living quarters; the plaintiff also believes Berres is involved in the operations of the Central Generating Plant. Id. at 5. The plaintiff says that he "has been repeatedly instructed to contact Berres prior to filing Inmate

3

Complaints regarding this matter." Id. at 6. The plaintiff says that every time, Berres denied there is any pollution coming from the Central Generating Plant and has refused to take action. Id. Defendant C. Clover is the Superintendent of Grounds and Buildings at Waupun and the plaintiff believes that it is his responsibility to provide clean air to inmate living quarters; the plaintiff also believes that Clover is involved in the operation of the Central Generating Plant. Id. at 5. In response to Berres' failure to act to "stem the flow of pollution," the plaintiff says that he contacted Berres' "superior"—Clover. Id. at 6. The plaintiff says that Clover refused to acknowledge the problem or take any action. Id.

The plaintiff says that he has filed ten inmate complaints about the air pollution. Id. Of the ten complaints, Institution Complaint Examiner J. Muenchow handled nine of them. Id. Institution Complaint Examiner T. Moon handled the other one. Id. at 6–7. The plaintiff alleges that Muenchow and Moon rejected his complaints without meaningfully investigating them or taking any action to stem the air pollution. Id. Defendant Brian Foster was the reviewing authority who reviewed the rejected complaints. Id. at 7. The plaintiff alleges Foster took no action to stem the air pollution. Id. The plaintiff appealed the complaints, and defendant M. Greenwood, the correction complaints examiner, "refused to even review the rejected complaints." Id.

The plaintiff then wrote to Wisconsin Department of Corrections Secretary, Kevin A. Carr. Id. He says that defendant Douglas F. Percy, who is the Assistant Administrator of the Division of Adult Institutions, responded and

4

refused to take any action. Id. The plaintiff also alleges that the operators and supervisors of the smokestacks/chimneys are knowingly violating the Wisconsin Department of Natural Resources' guidelines and state law, thereby forcing the plaintiff to breathe "toxic polluted air." Id.

The plaintiff seeks monetary damages as well as injunctive relief to stop the burning of various materials. Id. at 8. He also wants the matter "turned over to law enforcement for investigation." Id.

C. Analysis

The court construes the plaintiff's allegations as a claim that he is being subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment. To state a claim that his conditions of confinement violate the Eighth Amendment, a plaintiff must demonstrate that (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) each defendant acted with deliberate indifference with respect to the conditions (the claim's subjective prong). Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 832, 834 (1994)).

As the court explained in its March 13, 2020 screening order, exposure to polluted or noxious air may constitute an objectively serious harm—a denial of the minimal civilized measure of life's necessities). Dkt. No. 9 at 9. In Helling v. McKinney, 509 U.S. 25, 35 (1993) for example, the Supreme Court found that exposure to environmental tobacco smoke could violate the Eighth Amendment by posing an "unreasonable risk of serious damage" to an inmate's

5

future health. In Board v. Farnman, 394 F.3d 469, 486 (7th Cir. 2005), the Seventh Circuit Court of Appeals held that an inadequate ventilation system constituted an objectively serious harm.

The plaintiff alleges that the polluted air from the smokestacks/chimneys a few blocks away collects inside the prison walls, causing him physical symptoms, including severe headaches, chest pains, burning in his lungs, eyes and throat, as well as difficulty breathing. Dkt. No. 10 at 5. At the screening stage, this allegation is sufficient to support a claim that the plaintiff is being exposed to an objectively serious harm.

To demonstrate the second, subjective element of a claim based on conditions of confinement, the plaintiff must show that the defendants acted with deliberate indifference. Deliberate indifference "means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." Townsend, 522 F.3d at 773.

The plaintiff alleges that Clover and Berres have roles in maintaining the grounds and buildings at Waupun and that they have some role in the operation of the Central Generating Plan. According to the plaintiff, he has told both Clover and Berres about the pollution issue and neither has acknowledged the problem or taken any steps to address it. Dkt. No. 1 at 5–6. This is enough to state a claim that Clover and Berres were deliberately indifferent.

The plaintiff has sued Muenchow and Moon because they were the inmate complaint examiners who rejected his inmate complaints about the issue. Under §1983, only officials "who cause or participate in the [constitutional] violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (internal citations omitted). Complaint examiners cannot be held liable for rejecting an inmate's complaint about a completed act of misconduct because their rejection did not contribute to the harm. Id. at 609–610. And just because a complaint examiner reads a complaint and knows that an inmate has alleged a harm does not mean that the complaint examiner has "a free-floating obligation to put things to rights." Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009).

But if a complaint examiner "refus[es] to do her job and [] leav[es] the prisoners to face risks that could be averted by faithful implementation of the grievance machinery," that may constitute deliberate indifference. Id. The plaintiff alleges that Muenchow and Moon failed to meaningfully investigate his complaints concerning an ongoing harm. Dkt. No. 1 at 6–7. That sounds more like an allegation that Muenchow and Moon did not do their jobs. The plaintiff also alleges that Greenwood, the correction complaints examiner, summarily rejected his complaints without reviewing them. Dkt. No. 1 at 7. This, too, is sufficient at screening to allege that Greenwood was deliberately indifferent.

The plaintiff's allegations against Foster are different. As warden, Foster was the reviewing authority—meaning he reviewed rejected complaints. Id. The complaint says that Foster took no action to stop the air pollution. Id. But the

7

plaintiff doesn't allege, as he did with respect to Muenchow, Moon and Greenwood, that Foster failed to investigate or failed to review the rejected complaints. The plaintiff is suing Foster for doing his job: acting as the reviewing authority for rejected complaints. The plaintiff has not stated claim against Foster, and the court will dismiss him as a defendant.

The court will allow the plaintiff to proceed against defendant Percy. He alleges that he wrote to Secretary Carr and received a response from Percy in which Percy "refused" to take any action. While close, at the screening stage this is sufficient to state a claim for deliberate indifference.

Finally, the plaintiff sues the operators and supervisors at the Central Generating Plant. Id. He alleges that they are knowingly violating the Department of Natural Resources' guidelines and state law. But §1983—the federal statute that gives a citizen a cause of action against a state official who violates his civil rights while acting under color of state law—does not provide a remedy for violations of state law. See Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that §1983 protects plaintiffs from constitutional violations, not violations of state laws or departmental regulations). Section 1983 provides a remedy only for violations of the federal Constitution or federal law by officials who were acting under color of state law.

Nor has the plaintiff alleged that the operators and supervisors at the plant "received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). Though he alleges the

operators and supervisors are "forcing" him to breath polluted air, he does not allege they have any knowledge that the output from the chimneys at the plant is affecting the air at the prison. The court will dismiss these defendants.

## II.   Motion for Immediate Injunctive Relief (Dkt. No. 11)

The plaintiff filed a motion for immediate injunctive relief, asking the court to enjoin the Central Generating Plan to "[strictly] follow all Wisconsin Department of Natural Resources guidelines and Wisconsin state law regarding the emissions flowing from the smokestack/chimneys located at the Central Generating Plant." Dkt. No. 11 at 1. He also wants the plant to follow federal law and "to specifically not burn paper, carbonpaper [sic], cardboard, plastic, ink, and health service unit waste products." Id.

To obtain preliminary injunctive relief, whether through an injunction or a temporary restraining order, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three things, the court then balances the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).

The court will deny the plaintiff's motion. At this early stage, the court cannot conclude that the plaintiff's underlying case has a reasonable likelihood of success on the merits. More to the point, the plaintiff asks the court to enjoin the plant itself. The plant is not a defendant, and the court has found that the plaintiff has not stated a claim against the supervisors or operators of the plant. The plaintiff has not alleged facts indicating that any of the remaining defendants have the ability or authority to decide what gets burned at the plant or what guidelines the plant will follow. The court will deny the motion.

### III. Conclusion

The court **DENIES** the plaintiff's motion for immediate injunctive relief. Dkt. No. 11.

The court **DISMISSES** defendants Brian Foster and the plant operators and supervisors as defendants.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants C. Clover, J. Berres, J. Muenchow, T. Moon, M. Greenwood and Douglas G. Percy. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The court also advises the plaintiff that it is his responsibility to notify the court if he is transferred to another prison or released. Failure to keep the court updated as to the plaintiff's address could result in the court dismissing the case.

Dated in Milwaukee, Wisconsin, this 6th day of January, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**