UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACKIE DELMAS MASON,

              Plaintiff,

v.                                                    Case No. 19-cv-1103-pp

CHARLES CLOVER, *et al.*,

              Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 13)

---

      On January 6, 2021, the court screened Jackie Delmas Mason's *pro se* amended complaint alleging violations of his civil rights under 42 U.S.C. §1983 and permitted him to proceed on Eighth Amendment claims against defendants Clover, Berres, Muenchow, Moon, Greenwood and Percy. Dkt. No. 12 at 10. The court dismissed defendants Brian Foster and unknown employees and contractors of the Wisconsin Department of Corrections working at the Central Generating Plant. Id. The court explained that the plaintiff had not alleged that the unknown employees and contractors violated federal law or were subjectively aware that their actions were causing a substantial risk of serious harm to inmates at Waupun Correctional Institution, where the plaintiff is incarcerated. Id. at 8–9.

      The plaintiff has asked the court to reconsider its screening order. Dkt. No. 13. The plaintiff says that he sent a letter to the Central Generating Plant on June 6, 2020, "giving notice it's smokestack emissions were making him sick." Id. at 1. He attached to the motion to reconsider a document purporting to be a June 6, 2020 letter from him to "Central Generating Plant," advising that he

had filed this lawsuit and giving notice that "[a]ll employee's in your plant involved in anyway with the discharges coming from your smokestacks have been made as defendants for violating my 8th Amendment of the United States Constitutions Rights." Id. at 4. The letter states that the defendant is seeking "criminal charges against the relevant employee's in your plant," and gives notice that the plant is "recklessly poisoning people." Id. In his motion, the plaintiff alleges that the plant continues to emit fumes. Id. at 1. He says "it is unreasonable to assume the Central Generating Plant employee's are unaware of people in the area of the plant are being forced to breath this pollution." Id. He asserts that the plant operators "are willfully and knowingly poisoning people and causing premature death, and are aware in doing so they are violating the law." Id. at 2.

The court construes his motion as a motion to modify the court's order under Federal Rule of Civil Procedure 54(b). That rule provides, in part, that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Motions for reconsideration serve a limited function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that wasn't available before the court ruled. Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life

Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff has not identified a manifest error of law or fact in the court's screening order. While he asserts that the plant operators know about his complaints, his own evidence proves the court's point: there is no evidence that the operators knew about his concerns *before* he filed this lawsuit. The letter is dated June 6, 2020—almost a year *after* the plaintiff filed his complaint. The plaintiff cannot sue someone for something that person was not aware of at the time he filed the lawsuit.

Nor can the court authenticate that 1) the plaintiff sent the letter, 2) that he sent it on June 6, 2020, 3) that it reached the Central Generating Plant, 4) that anyone at the Central Generating Plant received or read the letter, 5) that if anyone did read the letter, that person was involved in the day-to-day operations of the plant or 6) that that person informed other plant employees of a complaint that the plant's operations were affecting the prison's air quality. The letter does not demonstrate that any employee or contractor at the plant was aware of and disregarded a substantial risk of harm to the plaintiff from the plant's operations.

Even if the court were to consider the letter, the plaintiff's allegations are too broad and vague to state a claim under §1983 against any specific person. To state a claim under §1983, the plaintiff must allege that each defendant "personally participated in or caused the unconstitutional actions." Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003) (citing Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981)). Neither the amended complaint nor the motion for reconsideration provide that information. The plaintiff does not allege what any specific person did, or is doing, to violate his rights. Nor does he allege

facts showing that any specific employee or contractor is aware that their personal actions pose a risk of harm to the plaintiff and that that employee or contractor has disregarded the risk of harm. The plaintiff generally alleges that *every* plant employee is liable, saying that he "reasonable believe's" the employees are aware that their everyday operations are harming "people in the area of the plant." Dkt. No. 13 at 1. The plaintiff alleges the employees "are clearly aware Waupun Correctional Institution is only a couple blocks away and prisoners there will in turn be forced to breath the toxic emissions." Id. at 2. These vague and conclusory allegations do not suffice to state a claim under §1983. Dkt. No. 9 at 10 (citing Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009)).

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 13. The plaintiff may not proceed on a claim against the unknown employees and contractors at the Central Generating Plant.

Dated in Milwaukee, Wisconsin, this 8th day of February, 2021.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**