UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACKIE DELMAS MASON,

    Plaintiff,

v.                                 Case No. 19-CV-1103

CHARLES CLOVER, *et al.*,

    Defendants.

## ORDER

On November 9, 2021, the defendants filed a motion to dismiss this case or, in the alternative, to compel *pro se* plaintiff Jackie Delmas Mason to sign an authorization form for the release of his medical records. (ECF No. 35.) On November 11, 2021, Mason filed a motion to compel complete responses to his interrogatories and requests for production of documents. (ECF No. 37.) On December 17, 2021, Mason filed a motion to disqualify the Wisconsin State Attorney General's Office as counsel for the defendants. (ECF No. 40.) This order resolves these motions.

**DEFENDANTS' MOTION TO COMPEL (ECF No. 35)**

Mason was allowed to proceed on various claims against the defendants for deliberate indifference for failing to acknowledge and address the alleged pollution generated by the power plant at Waupun Correctional Institution, where Mason is incarcerated. (ECF No. 12.) In support of these claims, Mason specifically alleged he

suffered negative health effects, such as severe headaches, chest pains, burning lungs, burning eyes and throat, and difficulty breathing. (*See* ECF No. 1, ¶ 1.)

The defendants state that on March 24, 2021, they sent a letter to Mason with their First Request for Production of Documents and an authorization form for use and disclosure of medical information. (ECF No. 35 at 2.) When Mason did not respond, on July 8, 2021, the defendants resent their requests and the authorization form. (*Id.*) They also included a letter explaining to Mason that the medical records were necessary for them to defend against his claims. (*Id.*)

On September 9, 2021, Mason responded to the defendants' July 8 letter and objected to signing the authorization form. (*Id.*) In response, the defendants sent a letter on September 30, 2021, in a good faith attempt to resolve the discovery dispute; they also sent another authorization form. (*Id.*) The defendants again explained why Mason's medical records were essential to their defense of the case. (*Id.* at 3.) Mason responded on October 4, 2021, again refusing to sign the medical authorization form. (*Id.*)

The court notes that this is not the first time Mason has refused to sign a medical authorization form in a case before this court. In *Mason v. Manlove*, Case No. 19-992, Mason raised similar objections. In a telephonic hearing on September 29, 2021, the court explained in detail to Mason why signing the medical authorization was necessary for the case to move forward. The court followed it up with an order on October 26, 2021, where the court again explained that "the case cannot move forward if Mason does not make his medical records available to the defendants . . . . Without

2

access to his medical records, the defendants cannot defend themselves." (Case No. 19-cv-992, ECF No. 65 at 2.)

The same is true here. Mason put his health at issue when he alleged that the injury he sustained by the defendants' action were ill health effects. Without access to his medical records, the defendants cannot defend themselves. The court grants the defendants' motion to compel. If Mason fails to sign the medical authorization form and return it to defendants by January 26, 2021, the court will dismiss this case.

## MASON'S MOTION TO COMPEL (ECF No. 37)

Mason filed a motion to compel the defendants to provide more complete answers to his discovery requests. Specifically, Mason asserts that the defendants did not provide responsive information to the following requests:

- Between 1/1/2014 thru to 1/1/2021, provide the name, location, and documentation to support the disposal of biohazard health service waste product's generated in the health service unit of WCI.
- Between 1/1/2014 thru to 1/1/2021, provide the name, location, and documentation supporting disposal of all plastic products generated in the operation of WCI.

- Between 1/1/2014 thru to 1/1/2021, provide the name, location, and documentation supporting the disposal of all paper products generated in the operation of WCI.
- Between 1/1/2014 thru to 1/1/2021, provide the name, location, and documentation supporting the disposal of all cardboard products generated in the operation of WCI.
- Between 1/1/2014 thru to 1/1/2021, provide the names, positions, and the shifts worked of all Department of Corrections employee's working in WCI's Central Generating Plant.
- Between 1/1/2014 thru to 1/1/2021, provide the names of all WCI inmate's working in EMC.
- Provide the Plaintiff with access to the Central Generating Plant to the area's of the plant were it can be ascertained if it is possible to burn materials other then natural gas in the boilers or what ever it is that is connected to the three (3) prominent metallic chimneys on top of the Central Generating Plant.

(ECF No. 37 at 2-3.)

The defendants responded, stating that, as to the requests in the first three bullet points, they cannot provide records that are in the custody of non-party waste-service providers. The defendants state that they have disclosed to Mason the names and addresses of the waste service providers Waupun used during the relevant time period, but other than that information they do not have records of the service those companies provided for specific dates. (ECF No. 38 at 2.) In his reply, Mason clarifies his requests, explaining that he wants the names and address of the companies that Waupun uses to dispose of waste and documentation, such as receipts and billing

4

information that provide information as to when the company picked up the waste between January 1, 2014, and January 1, 2021. (ECF No. 39 at 2.)

The court cannot compel the defendants to produce information they do not have in their possession. The defendants have already provided Mason with the names and addresses of the companies. They further assert they do not have records for specific pickups spanning a seven-year period. Mason may subpoena these companies for that information, being mindful that he must follow Federal Rule of Civil Procedure 45(b). Because most companies destroy records in the normal course of business, it is unlikely that the non-party waste companies have records going back seven years. To the extent Mason contends that the defendants are intentionally withholding information or lying about not having information in their possession, he has provided no evidence to support these assertions.

Regarding Mason's request for an order compelling the defendants to provide the names, positions, and shifts of all Department of Corrections (DOC) employees who worked in Waupun's plant over a seven-year period, the defendants assert that they provided Mason with a list of DOC employees who worked in the plaint during the relevant time period. (ECF No. 38 at 3.) They also provided Mason with the employees' dates of hire, and the start and end dates of when those employees worked in the plant. The defendants contend that providing specific shift information for an entire seven-year period is overbroad and unduly burdensome.

The court agrees. If there are specific shifts for specific time periods that Mason needs to support his claims, he may serve discovery requests on the defendants.

5

Mason should note that these requests should be narrowly tailored to avoid being unduly burdensome and overly broad.

Mason also requested a list of Waupun inmates who worked in the plant at any time over the seven-year time period. The defendants responded that they do not have that information. (ECF No. 38 at 4.) Again, the court cannot compel the defendants to produce information they do not have.

Finally, Mason requested the opportunity to examine and inspect the plant's boilers to determine whether materials other than natural gas can be burned in them and/or have been burned in them. The defendants responded that they have already provided Mason with information that only natural gas and #2 fuel are burned in the boilers and that it is impossible to burn foreign materials in the boilers. (ECF No. 38 at 4.) The defendants also assert that such an inspection fits squarely in the realm of expert testimony, and Mason did not disclose an expert witness. Mason replied that he has the requisite expertise because, before he was incarcerated, he worked at Interstate Drop Forge in Milwaukee, Wisconsin, where he cleaned and broke down boilers and industrial furnaces. (ECF No. 39 at 3.)

In the event Mason provides his medical authorization form to the defendants, allowing this case to go forward, the court will schedule a hearing to explore this issue further, including a discussion of Mason's experience with boilers. As such, the court will deny Mason's motion to compel, but will deny his motion to compel as to the inspection of the boilers without prejudice. If Mason timely submits his medical authorization to the defendants, he then may refile his motion to compel as to the

inspection of the boilers. The defendants may then respond, and Mason may reply in accordance with the local rules. Once the motion is fully briefed, the court will set a hearing to discuss Mason's request to inspect the boilers. Because of potential ongoing discovery issues, the court will extend the discovery deadline to April 5, 2022, and the dispositive motion deadline to May 5, 2022.

### MASON'S MOTION TO DISQUALIFY THE WISCONSIN ATTORNEY GENERAL FROM REPRESENTING THE DEFENDANTS NAMED IN THIS CASE (ECF No. 40)

Mason claims there is a conflict of interest in the Wisconsin Attorney General's office representing the defendants in this case. The only basis he offers is that allowing the Attorney General's office, i.e., the Department of Justice, to represent the defendants would be like allowing an assistant district attorney to represent a criminal defendant.

The Department of Justice represents State employees, and the defendants are State employees. Mason offers no evidence of an actual conflict of interest. The motion will be denied.

**IT IS THEREFORE ORDERED** that defendants' motion to compel (ECF No. 35) is **GRANTED**. Mason has until **January 26, 2021**, to provide the defendants with his signed medical authorization form. Failure to do so by that date will result in dismissal of his case.

**IT IS FURTHER ORDERED** that Mason's motion to compel (ECF No. 37) is **DENIED**. The majority of the motion is **DENIED with prejudice** except for the issue relating to the inspection of the boilers, which is **DENIED without prejudice**.

7

If Mason provides the defendants with his signed medical authorization form, he may file a motion to compel on the issue of inspecting the boiler. The defendants may respond to the motion in accordance with the applicable local rules.

**IT IS FURTHER ORDERED** that the discovery deadline is now **April 5, 2022,** and the dispositive motion deadline is now **May 5, 2022**.

**IT IS FURTHER ORDERED** that Mason's motion to disqualify the Wisconsin Attorney General's Office as counsel for the defendants (ECF No. 40) is **DENIED**.

Dated in Milwaukee, Wisconsin this 6th day of January, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge